IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY WILLIAM HALLFORD,

    Plaintiff,                    No. CIV S-06-1081 GEB GGH P

    vs.

CALIFORNIA CORRECTIONAL
PEACE OFFICERS ASSOCIATION,
EACH INDIVIDUAL MEMBER, et al.,

    Defendants.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding

1

month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

Plaintiff purports to sue "each individual member of the California Correctional Peace Officers Association (CCPOA), and other employees of the California Department of Corrections and Rehabilitation, in their personal capacity, et al."[1] Complaint, p. 13.[2] Plaintiff does not exaggerate in describing his allegations as "wide ranging." Id., at 15. He states that he is intending to name more than 55,000 defendants. He states, rather dramatically, that "[t]he complexity of this complaint is beyond the imagination of most human beings...." Unfortunately for plaintiff, it is also one without a sufficient basis upon which he may proceed.

He alludes vaguely to activities that constitute racketeering and terrorism. Complaint, p. 15. Plaintiff claims that each member of the CCPOA has conspired to violate the constitutional rights "of those who are least able to defend themselves," presumably, prisoners. Id., at 16. He states that various rights guaranteed by the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Thirteenth and Fourteenth Amendments are being violated, as well as other constitutional provisions, federal statutes, including the Americans with Disabilities Act, and various international conventions. Id., at pp. 17-18.

He complains generally and generically that inmates' religious practices are inhibited, that prisoners are not allowed witnesses at disciplinary or parole hearings or accurate hearing records, that those who do not speak English are not provided with an interpreter. Complaint, p. 21. Plaintiff manages to become a little more specific as to his particular grievance, when he complains of having been charged with and found guilty of a violation state law by failing to provide a DNA sample, even though he had documents proving his compliance with Cal. Penal Code § 296. Id., at pp. 21-22. He complains that the inmate appeal process took 217 days to provide a first level response. He also alleges that he was placed on "C-status" for failing to report to work although he says he was complying with medical orders. Id., at 22. At

---

[1] This case was transferred from the Northern District.

[2] The court uses the pagination generated in the court's docketing system.

this point, plaintiff returns to making generic claims about the general unfairness of the punitive conditions of prison life.

Plaintiff has no standing to bring any claim on behalf of anyone but himself. Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own rights not those of third parties), citing Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634 (1978); Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1974). Plaintiff's claims with regard to prison conditions on behalf of all the state's prisoners will be dismissed.

To the extent plaintiff seeks to make any allegations with respect to identifiable individuals upon whom this court could direct service of process, he has failed to do so herein, failing to name any individual whose actions he links to a constitutional deprivation that he has suffered. Moreover, the claims he makes more specifically regarding himself do not appear to be colorable.

With respect to his allegations regarding the grievance system, prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[3]  To the extent that he makes any, plaintiff's due process claims against the insufficiently identified defendants will be dismissed; plaintiff will be granted leave to amend.

Nor are plaintiff's rights to due process implicated by his being placed on "C status." In general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569 (1972). His claims in this regard will be dismissed with leave to amend.

As to his claims of conspiracy, plaintiff does not even make any remotely colorable claim; in order to do so, he must make some showing of an agreement or a meeting of the minds on the part of specifically identified defendants to violate his constitutional rights. Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989), citing Fonda v. Gray, 707 F.2d 435 (9th Cir. 1983). Conspiracy allegations must be supported by material facts and not be merely conclusory statements. Lockary v. Kayfetz, 587 F. Supp. 631 (N. D. Cal. 1984). Moreover, plaintiff must show an actual deprivation of his constitutional rights resulting from the alleged conspiracy. Woodrum, supra, citing Singer v. Wadman, 595 F. Supp. 188 (D. Utah 1982) ("conspiracy allegation, even if established, does not give rise to liability under § 1983 unless there is an actual deprivation of civil rights"). His amorphously framed allegations regarding any conspiracy will be dismissed.

---

[3] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

Plaintiff's efforts to implicate some 35,000 CCPOA members and some 20,000 additional state employees on the basis of any inadequately alleged violations of criminal statutes cannot proceed in the context of a civil rights action, and, in any event, plaintiff has no authority to commence a criminal investigation or prosecution, even if he had provided more specific information.  Plaintiff's complaint will be dismissed in its entirety but plaintiff will be granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

      3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 10/31/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
hall1081.bnf