IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY WILLIAM HALLFORD,

    Plaintiff,                    No. CIV S-06-1081 GEB GGH P

    vs.

CALIFORNIA CORRECTIONAL
PEACE OFFICERS ASSOCIATION,
EACH INDIVIDUAL MEMBER, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

    _____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order filed on October 31, 2006, this court dismissed, with leave to amend, plaintiff's complaint, wherein plaintiff purported to sue some 55,000 state employees, including each member of the California Correctional Peace Officers Association (CCPOA); no complaint or amended complaint therefore is pending in this matter before the court at this time. Plaintiff has filed a "motion for emergency injunction to prevent the interstate transportation of prisoners to the private institutions contracted with under 'state of emergency declaration by governor.'"

\\\\\

\\\\\

1

TRO

The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent, however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

Preliminary Injunction Standard

The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are: 1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985). The criteria are traditionally treated as alternative tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)). The Ninth Circuit has recently reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin, 740 F.2d at 675).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff does not meet the threshold requirement of having a complaint before the court the merits of which the undersigned could evaluate as the complaint has been previously dismissed because, inter alia, plaintiff has no standing to bring an action on behalf of all state prisoners. Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own rights not those of third parties), citing Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634 (1978); Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1974). Because plaintiff has no allegations currently pending before the court of any merit, the court must recommend denial of his request for emergency injunctive relief. Johnson, supra, at 1430.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's October 30, 2006 request for an emergency injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

\\\\\

1  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
2  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: 11/2/06                                          /s/ Gregory G. Hollows

                                                          _____
4                                                         GREGORY G. HOLLOWS
                                                          UNITED STATES MAGISTRATE JUDGE
5
   GGH:009
6  hall1081.pi