1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GARY WILLIAM HALLFORD,

11            Plaintiff,                    No. CIV S-06-1081 GEB GGH P

12        vs.

13   CALIFORNIA CORRECTIONAL
     PEACE OFFICERS ASSOCIATION,
14   EACH INDIVIDUAL MEMBER, et al.,

15            Defendants.                   <u>ORDER</u>

16   _____/

17            On November 17, 2006, plaintiff filed a document requesting the recusal of the

18   undersigned.  Plaintiff questions the impartiality of this court without providing any substantive

19   basis for his vaguely stated concern that defendants are receiving "undue deference."

20            A judge is required to disqualify himself if his impartiality might reasonably be

21   questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party,

22   28 U.S.C. § 455(b)(1).  Remarks made during the course of a judicial proceeding that are critical

23   or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they

24   reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism

25   as to make fair judgment impossible."  <u>Liteky v. United States</u>, 510 U.S. 540, 554, 114 S.Ct.

26   1147, 1157 (1994.)  The decision regarding disqualification is made by the judge whose

1   impartiality is at issue.  Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994).

2          Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff

3   must show a disposition on the part of the judge that "is so extreme as to display clear inability to

4   render fair judgment."  Id. at 488.  "Opinions formed by the judge on the basis of facts introduced

5   or events occurring in the course of the current proceedings, or of prior proceedings, do not

6   constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or

7   antagonism that would make fair judgment impossible."  Id. at 491.  Bias is not found where the

8   judge has expressed anger or dissatisfaction or annoyance that are within the bounds of

9   reasonable behavior.  Id.

10          This court's actions in this case do not support disqualification.  The actions taken

11   have been an appropriate response to filings.  The court's rulings do not reflect an extreme

12   disposition or deep-seated antagonism.  They do not reflect animosity, partiality, or inability to

13   render a fair judgment in the instant action.  They do not indicate bias, personal or otherwise, or

14   prejudice, personal or otherwise.

15          Accordingly, IT IS ORDERED that plaintiff's November 17, 2006, request for

16   recusal is denied.

17   DATED: 12/12/06

18                                                       /s/ Gregory G. Hollows
                                                         _____
19                                                       GREGORY G. HOLLOWS
                                                         UNITED STATES MAGISTRATE JUDGE
     GGH:009
20   hall1081.rec

21

22

23

24

25

26